USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/26/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
:
EDLER JEAN BAPTISTE, :
:
                            Plaintiff,  :           1:20-cv-6626-GHW
:
          -against-          :           ORDER
:
ABM, :
:
                         Defendant. :
:
----------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

On July 27, 2020, Plaintiff Edler Jean Baptiste commenced this action *pro se* in New York Supreme Court against Defendant ABM Aviation Inc. Dkt. No. 1-1 at 3. On August 19, 2020, Defendant petitioned to remove the case to federal court. Dkt. No. 1. As the basis for this Court's subject-matter jurisdiction, Defendant asserted that the Court has diversity jurisdiction in that Plaintiff is a citizen and resident of New York, Defendant is a Delaware corporation headquartered in Texas, and "on information and belief the amount in controversy exceeds $75,000." *Id.* at ¶ 4. The Court, seeing no plausible basis for the amount in controversy estimate in the removal papers, ordered Defendant to show cause as to why this action should not be remanded to New York Supreme Court. Defendant responded to that order on August 25, 2020. *See* Dkt. No. 5. For the reasons that follow, Defendant has failed to establish that the Court has subject-matter jurisdiction over this matter. Therefore, the Court remands this case back to New York Supreme Court.

"The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). In a case that has been removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject

matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

In evaluating a petition for removal, the Court must first look to the plaintiff's complaint and then to the petition itself. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). When the jurisdictional amount is not alleged in the plaintiff's pleading, the defendant must support its allegations of jurisdictional facts with competent proof, establishing, by a preponderance of the evidence, "a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *United Food*, 30 F.3d at 305 (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 715 (S.D.N.Y. 2007) (citations omitted); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). This principle ensures "respect for the independence of state courts." *Hill v. Delta Int'l Mach. Corp.*, 386 F. Supp. 2d 427, 429 (S.D.N.Y. 2005) (citations omitted).

Here, as Defendant concedes, it is "not apparent on the face of the Complaint" that the amount in controversy threshold has been met. Instead, Defendant asks the Court to assume facts that are not alleged in the complaint, *see* Dkt. No. 5 at ¶ 8 ("Assuming that, like many yellow taxi drivers, Plaintiff works 12 hours per day and 5 days per week . . ."), and imagine the various ways this case's value could possibly exceed $75,000, *id.* at ¶¶ 11, 13 (stating that under a liberal reading of the complaint, Plaintiff is seeking damages which "*can* easily reach the jurisdictional threshold" (emphasis added)). The Court declines to find jurisdiction on the basis of pure speculation. As Defendant's reliance on hypothetical scenarios demonstrates, it is impossible to know from the face of the complaint whether the amount in controversy exceeds $75,000. Therefore, Defendant has

failed to meet its burden to demonstrate that, by a preponderance of the evidence, that removal is proper in this case. *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994) ("[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and if the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court."); *see also Johnson-Kamara v. W. Chacon Trucking*, 2006 WL 336041, at *3 (S.D.N.Y. 2006) (remanding case where "the Court [could not] ascertain from the face of the complaint that the plaintiff's injury combined with her economic loss would result in a claim against the defendants in excess of the $75,000 requirement" and defendants failed to provide factual support for their remand petition).

For the reasons stated above, Defendant has not established subject-matter jurisdiction exists here and therefore, this case is remanded.

The Clerk of Court is directed to remand this case to New York State Supreme Court, County of New York without delay.

SO ORDERED.

Dated: August 26, 2020
New York, New York

GREGORY H. WOODS
United States District Judge